ANNE P. MULLIGAN
GENERAL DELIVERY
ANCHORAGE, AK 99501
MULLIGANSTEW1969@OUTLOOK.COM
(907)717-5175

RECEIVED

JUN 30 2021

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

Pay to the Order of
Treasurer of the United States
Clerk, U.S. District Court

JUN 30 2021

Symbol No. 4606 Deposit No.____

## IN THE UNITED STATES DISTRICT COURT

Anne P, Mulligan, PRO SE
    Plaintiff

    vs.

Municipality of Anchorage:
    Mayor's Office
    Mayor Quinn Davidson
        Defendant 1

Sharon E. Lane: Executive Assistant to the Mayor
        Defendant 2

Co-Defendant(s)

Anchorage Police Department
        Co- Defendant(s)
    Anchorage Police Department:
    Justin Doll: Chief of Police
        Co-Defendant 1
    Ken Mccoy Acting Chief of Police
        Co- Defendant 2
    White APD Female Officer 11/23/2016
        Co-Defendant 3
    Officer  Joshua Roberts
        Co-Defendant 4
    Officer  Ian Fletcher
        Co-Defendant 5
    Officer Mansano

Case No.: 3:21-cv-154-TMB

COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. 1983
(Non-Prisoners)

PAGE 1

PLAINTIFF'S  COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983
(Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF ALASKA
            Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

Co- Defendant 6
Officer Larry Burns 04/17/2017
Co-Defendant 7
White APD Male Officer 04/19/2017
Co-Defendant 8
White APD Male Officer 04/19/2017
Co-Defendant 9
White APD Male Officer 04/19/2017
Co-Defendant 10
Sergeant Denielle Hrovat 05/31/17 ltr
Co-Defendant 11
Reverend Dr. William Greene 07/24/17 ltr
Co-Defendant 12
White APD Male Officer 12/17/2017
Co-Defendant 13
Officer Brandon Stack 07/18/2018
Co-Defendant 14
White APD Female Officer 07/19/2018
Co-Defendant 15
Whtie APD Male Officer 07/19/2018
Co-Defendant 16

## COMPLAINT

On November 24, 2020, the Plaintiff had contacted Acting Mayor Austin Quinn Davidson via email regarding the premeditated hate crime and to have the mayor contact the Plaintiff via phone to set up a meeting to discuss this situation. The Plaintiff had spoken with AST Trooper Christopher Hill on November 20, 2020, regarding the premeditated hate crime and the injuries that Plaintiff has sustained from various APD Officers, and he had explained to the Plaintiff that the Plaintiff would need to contact the local mayor as AST does not have jurisdiction in the situation. On November 24, 2020, Sharon E. Lane, Executive Assistant to the Mayor contacted the Plaintiff regarding the email that the

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

Plaintiff had sent to the mayor. Sharon Lane is oblivious to the fact that the Plaintiff is a victim of a premeditated hate crime as the Plaintiff had explained that Officer Joshua Roberts had typed a two-page report prior on April 16, 2017, prior to the incident that occurred on April 17, 2017. Sharon Lane had refused to set up a meeting with Mayor Quinn Davidson regarding the Premeditated Hate Crime that occurred between the Plaintiff and APD and referred the Plaintiff to APD's Internal Affairs Office. Sharon Lane refused to acknowledge that the Plaintiff has untreated injuries that the Plaintiff had received from APD in 2017. (Ex.1)

## INCIDENTS WITH APD FROM 2016-2018

On November 23rd ,2016, while the Plaintiff was on FMLA from her former employer HMS HOST INTERNATIONAL, the Plaintiff had a scheduled sick visit with her former physician Dr. Kohl for a "Cough". Dr. Johanna Kohl had contacted APD without the knowledge of the Plaintiff. Dr. Kohl knowingly lied to APD regarding the Plaintiff and her medical condition. Prior to contacting APD, Dr. Kohl had made several attempts to contact APU. Dr. Kohl abused and had illegally invoked Alaska Statue Title 47 knowing that a preauthorization from the Plaintiff's cancelled health insurance carrier Blue Cross Blue Shield was not required for a 24-hour psychiatric observation at Providence Hospital Psychiatric Ward. (Ex. 2 )It was during the Plaintiff's 24-hour observation at Providence Hospital Psychiatric Ward that the Plaintiff was diagnosed with Bronchitis in regards to her cough.(Ex. 3) The erratic behavior of the Plaintiff's former Physician Dr. Kohl and APD's female officer, enabled the Plaintiff's former physician Dr. Kohl to extend the Plaintiff's visit on 11/23/2016 in which Dr. Kohl had illegally billed the Plaintiffs cancelled health insurance carrier Blue Cross Blue Shield (cancelled on 11/18/2016) (Ex. 5 ) for 5.31 hours at a rate of $197.00 per hour for a total amount of $1,047.00. The Plaintiff 's office visit was not for 5.31 hours. On December 15, 2016, Dr. Kohl illegally received a check

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983
(Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

from Blue Cross Blue Shield in the amount of $603.52. (Ex.6 ) On June 7, 2017, the Plaintiff's former physician Dr Kohl discharged the Plaintiff from her practice for obtaining a copy of her medical records. (Ex.7 ) On September 1, 2017, the Plaintiff's former physician Dr. Kohl received two payments from Charity Care one (1) for $281.80 and two (2) for $493.00. (Ex.6 ) The Plaintiff never gave permission to her former physician Dr. Kohl to apply for Charity Care assistance. Dr. Kohl never made any attempt to collect any money owed to her.

On April 16, 2017, Officer Joshua Roberts's badge #62888 typed out a 2-page report APD case #17-015218, case # 3AN-17-03063CR, MOA vs Anne P. Mulligan against (which was never signed by an APD Supervisor) regarding a premeditated hate crime against Anne Mulligan which occurred on April 17, 2017, at the Carrs Jewel Lake at 4000 W. Dimond Blvd., Anchorage, AK ,99502. (Ex. 8 ) The Plaintiff was informed numerous times that she was going to be trespassed and the Plaintiff had informed the officers that the Plaintiff would wait for the trespass. Officer Roberts had asked the Plaintiff for her id and the Plaintiff told him no. Officer Roberts had assumed that the Plaintiff's name was Anne Mulligan because the Plaintiff had mail in sitting in front of her on the table. The Plaintiff had mail for various members of her family who have different last names than the Plaintiff's last name. On April 17, 2017, the Plaintiff  was arrested by use of excessive force by Officer Joshua Robertson #62888 and Officer Ian Fletcher badge #62722 at the Carrs Jewel Lake at 4000 Diamond Blvd. Anchorage, AK 99502. (Ex. 8  ) There is not video footage of the arrest by use of excessive force but there is audio recording.  The Plaintiff was taken to the Anchorage Jail by Officer Fletcher and was approached by Officer Manasano to assist him. (Ex.9  ) The Plaintiff asked Officer Fletcher to take photographs of her left side and both her wrists as they were numb and tingling. After Officer Fletcher had taken the photos, the Plaintiff had requested medical assistance and

PLAINTIFF'S  COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

Officer Fletcher told the Plaintiff to go to ASP/ CSP for medical attention. ASP/CSP is where intoxicated people are taken to so that they have a safe place to detox and sleep off the effects of alcohol and drugs. The Plaintiff was not under any kind of substance on April 17, 2017. Officer Fletcher informed the Plaintiff that ASP/CSP was up the hill, and that the Plaintiff would have to walk there because Officer Fletcher didn't know the directions or the address of CSP/ASP. Officer Fletcher released the Plaintiff and the Plaintiff walked out of the jail and walked up the hill to find ASP/CSP. The Plaintiff was unable to find ASP/CSP and walked into Mush Inn, and they called the Plaintiff a cab. The taxicab driver did not speak English and the Plaintiff was taken to Carrs Jewel Lake at 4000 W Diamond Blvd to retrieve her car. The Plaintiff had walked into Carr's and had asked Michael Nelson and the two men he was talking to for medical attention and Michael Nelson had informed the Plaintiff that she was not allowed there because she was trespassed. The Plaintiff drove herself slowly to the AWAIC SHELTER. The Plaintiff asked a AWAIC female employee for protection from APD and for medical assistance. The employee with the AWAIC sheltered informed the Plaintiff that she needed to go to the hospital and that the Plaintiff would need to drive there herself. The Plaintiff left the AWAIC SHELTER, the Plaintiff drove herself to Alaska Regional Hospital. The Plaintiff arrived there at approximately 4:45 a.m. on April 17, 2017. The Plaintiff was discharged and left Alaska Regional Hospital by 6:00 AM with her left arm in a sling. The Plaintiff was diagnosed with Acute Pain of Left Shoulder, Shoulder Sprain, and AC Separation Left. The Plaintiff was given a referral for an orthopedic surgeon to Eugene M. Chang. (Ex. 10 ) On April 17, 2017, the Plaintiff went to internal affairs and the Plaintiff filed an Anchorage Police Department Complaint Form regarding the incident that occurred on April 17, 2017. (Ex.11 )

On April 19, 2017, the Plaintiff was taken back to Regional Hospital via AFD regarding her injuries that the Plaintiff had sustained on April 17, 2017. The Plaintiff had

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

spoken with two more male APD Officers at approximately 6 p.m. after being discharged. The Plaintiff attempted to be seen at approximately 1123 at night for feeling faint. An ER nurse informed the Plaintiff that she was fine, and she was not going to be seen and that the Plaintiff was going to be trespassed. The Plaintiff was escorted out of the emergency room by three security guards who contacted APD. Three male APD officers showed up. (Ex. 12 ) The first male APD officer that had patted the Plaintiff down had been drinking alcohol, a second male APD officer stood there and informed the Plaintiff that she needed to adjust her attitude while the intoxicated male APD officer was patting the Plaintiff down and the third male APD officer stood there and watched and did nothing. The intoxicated male APD officer got into the driver side of the APD patrol car and the second male APD officer who told the Plaintiff that she needs to adjust her attitude got in the passenger side of the APD patrol car. The other male APD officer had left. The Plaintiff was dropped off at the Beans Café' cold weather shelter approximately at 5:00 o'clock in the morning.

On April 20, 2017, the Plaintiff was taking to Providence Hospital via AFD for marks under both the Plaintiff's breasts from the officer's had illegally used excessive force on April 17, 2017. (Ex. 13 )

On April 24, 2017, Chief of Police Chris Tolley resigned. (Ex.14 )

On May 30, 2017, the Plaintiff filed an Anchorage Police Department Complaint Form regarding the situation that occurred on April 19, 2017. (Ex.15 )

On May 31, 2017, the Plaintiff received a letter from APD Sergent Denielle Horvat regarding to IA #17-0255 and IA #17-0292. Sergent Horvat stated that she finalized the investigation of my complaint and yet Sergent Horvat overlooked the fact that APD Officer Joshua Roberts along with Carr's employee Michael Nelson together committed a premeditated hate crime against the Plaintiff when she was a customer at Carr's Jewel Lake. Officer Joshua Roberts typed a two-page report on April 16, 2017, regarding the incident between Michael Nelson and Anne Mulligan on April 17, 2017, in which the

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

Plaintiff was injured by both Officer Roberts and Officer Fletcher. Officer Fletcher typed his report on 04/17/2017. (Ex.16 )

On June 9, 2017, the Plaintiff met with APD's task force at the Fairview Recreation Center, Anchorage Alaska. The Plaintiff submitted complaints regarding APD's behavior in November 2016 and April 2017. On July 28, 2017, APD Reverend Dr. William Greene, Anchorage Community Police Relations Task Force signed and dated a letter to the Plaintiff regarding the two complaints that the Plaintiff had filed on June 9, 2017. Reverend Dr. William Greene discusses December 2016 regarding the Plaintiff and APD, yet the Plaintiff didn't have any interactions or issues with APD in December of 2016 (Ex. 17 ) The Corruption within APD is mind boggling with when the Reverend is lying for the APD officers!

On August 3, 2017, case #3AN-17-03063CR, MOA vs Mulligan, Anne is dismissed! (Ex. 18 )

On December 17, 2017, a male APD Officer arrested the Plaintiff due to a violation of a trespass in case #3AN-17-10145CR. The male APD officer had reinjured the Plaintiff's untreated injuries. (Ex. ) The Plaintiff had requested to be seen by the medical department while in DOC custody at the Anchorage Jaile and DOC employee(s) denied the Plaintiff's request. The Plaintiff was released and went to Providence Hospital for treatment via AFD. (Ex. 19 )

On July 10th, 2018, the Plaintiff was taken to Alaska Regional Hospital via AFD for bleeding and upper body pain. The Plaintiff had requested a Social Work Consult with the attending ER Physician Mark E. Shepherd. The Plaintiff was treated and released without incident. (Ex.20 )

On July 12, 2018, APD Officer Stack responded to a "BOMB THREAT" allegedly made by the Plaintiff to Alaska Regional Hospital. (Ex. 21 )

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

On July 18, 2018, the Plaintiff was falsely arrested by Officer Brandon Stack and three other male officers at Beans Café regarding APD Police #18-28068, case #3AN-18-06534CR, Officer Stack reinjured the Plaintiff's untreated injuries. APD Officer Brandon Stack informed the Plaintiff that she was going to jail for violating a Trespass order. Officer Stack couldn't explain to the Plaintiff which Trespass Order as there was more than one. Officer Stack never did a thorough investigation regarding this allegation. Officer Stack had informed the Plaintiff that she would be in jail for approximately 45 minutes to an hour. While the Plaintiff was in DOC custody at the Anchorage jail the Plaintiff had asked for medical assistance and was informed from a DOC employee that the Plaintiff was fine and was denied medical assistance. While the Plaintiff was in DOC custody a male DOC employee had attempted to take the Plaintiff's fingerprints. The DOC employee had both Plaintiff's injured wrists in his hands attempting to obtain the Plaintiff's fingerprints from both hands. The male DOC employee grew frustrated at the Plaintiff after 10 minutes, as he was unable to obtain the Plaintiff's fingerprints and blamed the Plaintiff for his inability to do his job in obtaining the Plaintiff's fingerprints. The male DOC employee had thrown both the Plaintiff's injured wrists out of frustration down towards the ground and walked away. The DOC employees had intentionally held the Plaintiff in DOC custody for approximately 6 hours. The Plaintiff did not see a judge and was released from DOC custody at the Anchorage Jail at approximately 11:00 pm on July 18, 2018. On July 19, 2019, the Plaintiff was taken to Providence hospital via AFD.

On July 19, 2018, the Plaintiff was taken back to Beans Café via cab and was unable to access her belongings to pay for her cab and again the Plaintiff was re-arrested by a white APD female officer who had reinjured the Plaintiff's injuries. The Plaintiff was taken to the Anchorage Jail and transferred to Highland Correctional Facility. The Plaintiff had requested to be seen medical department for her injuries. The Plaintiff was released before she was able to see a doctor.(Ex. 22)

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

On September 28, 2018, in case #3AN-18-06534CR, State of Alaska vs Anne P. Mulligan, the State of Alaska attorney general Jahna Lindemuth and Megan K. Rodgers, Assistant District Attorney, stated that the Plaintiff had committed the "BOMB THREAT" on July 10, 2018, when the Plaintiff was an ER patient at Alaska Regional Hospital. (Ex.23 )

On March 27, 2019, in case #3AN-18-06534CR, State of Alaska vs Anne P. Mulligan, the case was dismissed by Attorney General Kevin Clarkson and Lisa C. Kelley, Assistant District Attorney. (Ex.24 ). The Plaintiff had contacted APD's Internal Affairs at (907)729-7600 to file a formal complaint against Officer Stack and the female APD Officer had informed the Plaintiff that they would not help the Plaintiff and hung up on the Plaintiff.

On April 19, 2019, approximately 23 days after the charges were dismissed against the Plaintiff, Alaska Regional Hospital Employee G. Yonuschut had informed FBI agent Derek Despeland that the Plaintiff had made BOMB THREATS at Alaska Regional Hospital. (Ex. 25 )

On August 5, 2019, the Plaintiff had met with FBI agent Elliott in person at 101 E. 6th Ave., Anchorage, AK, and he informed the Plaintiff that he didn't know who Plaintiff was and that the Plaintiff has never made any BOMB THREATS!

### Prayer for Financial Relief

The Plaintiff is seeking and praying for $200,000,000.00 million dollars in financial restitution from the Defendant(s). As of June 30, 2020, the Plaintiff has not received treatment for the injuries that she had sustained from the premeditated hate crime that occurred in April of 2017 in which the Plaintiff's upper body with APD's officer's targeting the Plaintiff's left side. The Plaintiff 's upper body's left side is permanently damaged. The Plaintiff has suffered from extreme psychological damage as the Plaintiff has been illegally committed to Providence Psychiatric Ward in which with the help of an APD female officer, in which the Plaintiff's former physician Dr. Kohl committed insurance fraud. The

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

Plaintiff suffers from extreme psychological damage regarding the extreme of the violence that she has endured from various APD officers and illegal use of excessive force which caused upper body injuries targeting the left side of the Plaintiff. The denial of medical assistance from APD when the Plaintiff requested it. The Plaintiff feels that the Plaintiff is being discriminated against from Mayor Austin Quinn Davidson and Sharon Lane as the Plaintiff is a straight white female. Sharon Lane in her emails had assumed the conversation and the questions that Mayor Austin Quinn Davidson would have asked the Plaintiff if there was a meeting between the Plaintiff and Mayor Austin Quinn Davidson. Sharon Lane is not an attorney and not a psychic as to what people are thinking and going say to each other. The Plaintiff feels that her constitutional rights as a straight white female were violated.

The Plaintiff is petitioning the United States District Court for the District of Alaska for a jury trial in this case.

ANNE P. MULLIGAN PRO SE
PLAINTIFF

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. 1983 (Non-Prisoners)IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
Anne P. Mulligan, PRO SE vs Muni of Anchorage

FED CASE #_____

Name **Anne P. Mulligan**
       **1248 Garbell St**
       **Anchorage AK 99501**
Address
       **(907) 717-5175**
Telephone Number

Pay to the Order of
Treasurer of the United States
Clerk, U.S. District Court

JUN 30 2021

Symbol No. 4606 Deposit No.

RECEIVED

JUN 30 2021

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

**Anne P. Mulligan, Pro se**,

**Plaintiff/Petitioner,**          CASE NO. **3:21-CV-00154-TMB**

vs, **Muni of Anch/Mayors office
mayor Austin Quinn Davidson
Sharon Lane - Executive Assistant**          **MOTION REQUESTING
VOLUNTEER ATTORNEY**

_____,

**Defendant/Respondent.**

I **Anne P. Mulligan** _____ move this Court for

appointment of counsel. I make this request for the reason that I am financially

unable to retain an attorney, as supported by the Financial Affidavit in Support of

Request for Attorney attached to this motion.

I need a lawyer because **I am unable to
financially retain one. There are numerous
APD officers, politicians involved in this
premeditated hate crim**

PS08A (10/10)                                              Counsel Non-Prisoner

I have taken the following steps to find a lawyer on my own, with the following

results (include names of attorneys contacted, and dates): _____

_____ Rex Butler 2020 _____

_____ lawyer referral services 2017 _____

_____

_____

_____

_____

## Declaration Under Penalty of Perjury

I, _Anne P Mulligan_____, declare under penalty of

perjury, that I have reviewed the above motion, and that the information contained

in this motion is true and correct.

DATED: _4/30/21_____, at _Anchorage_____, Alaska.

_Anne P. Mulligan_____
Signature

## Certificate of Service

I certify that a copy of the above motion was served, by ☐ first class U.S. mail

☐ fax ☐ hand-delivery, to _____at

_____
(Opposing party or counsel)

_____ on _____.
(Address)                                            (Date of mailing)

_____          _____
                                                        Signature