IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ANNE PATRICIA MULLIGAN,

                Plaintiff,

vs.

MUNICIPALITY OF ANCHORAGE, *et al.*,

                Defendants.

Case No. 3:21-cv-00154-TMB

## **ORDER of DISMISSAL**

Anne P. Mulligan, has filed a Civil Rights Complaint under 42 U.S.C. § 1983, representing herself, an Application to Waive the Filing Fee, and a Motion for Appointment of Counsel.[1] Ms. Mulligan later filed a Motion to add Mayor Dave Bronson as a defendant, a summons for Dave Bronson, and a Motion to Add 16 Photos as exhibits to the Complaint, which she says show excessive force by Officers Roberts and Fletcher, on April 16-17, 2017.[2]

As Defendants, Ms. Mulligan names the Municipality of Anchorage, Mayor's Office, Mayor Quinn Davidson; Sharon E. Lane, Executive Assistant to the Mayor; Anchorage Police Department (APD) Chief of Police, Justin Doll; Ken McCoy, Acting APD Chief of Police; several APD officers; Sergeant Denielle Hrovat; and Rev. Dr. William Greene, Chair of the Anchorage Community Police Relations

---

[1] Dockets 1, 3, 4.

[2] Docket 6, 7, 8.

Task Force,[3] several of whom have dates after their names between 2016 and 2018.[4]

Ms. Mulligan, who has a history of bipolar disorder,[5] has taken what is known as a "kitchen sink" or "shotgun" approach[6] in her Complaint plus 117 pages of

---

[3] *See* Docket 1-16 at 2 (7/24/17 letter to Ms. Mulligan from Rev. Greene, Chair of the Anchorage Community Police Relations Task Force.

[4] Docket 1 at 1-2.

[5] *See* Docket 1-2 at 2-3 (Johnna Kohl, MD's 11/23/16 Progress Note for Anna P. Mulligan, stating that Ms. Mulligan has bipolar disorder, but was not taking her medication, and was "discharged with [a] police escort to [the] psychiatric emergency room due to unstable bipolar disorder with psychotic features."); Docket 1-3 at 2 (L. Kim Abts, M.D.'s 11/24/16 provider notes, stating that Ms. Mulligan was given additional medication to "help [her] sleep, and help prevent exacerbation of [her] Bipolar symptoms."); Docket 1-12 at 2, 4 (Providence Alaska 4/20/17 ER notes, stating that Anne Mulligan has "a history of bipolar disorder not on medications …" She "was diagnosed with bipolar disorder in 2001." *Id*. at 5); Docket 1-18 at 5; Docket 1-21;

[6] *See, e.g., Glenn v. First Nat. Bank in Grand Junction,* 868 F.2d 368, 371 (10th Cir. 1989) ("The trial judge described Appellants' method of pleading as 'shotgun' pleading and stated that he was not going to do Appellants' work for them to connect assertions with elements of all sections of the RICO law…. Plaintiffs are required to assert, in good faith and subject to Rule 11, Fed.R.Civ.P. the RICO subsection or subsections on which they rely and support each claim with allegations of fact."); *Fawley v. Lujan-Grisham*, 2021 WL 1176488, *1 (D. N.M. March 29, 2021) (slip op) ("The Letter-Complaint is a quintessential 'kitchen-sink' or 'shotgun' filing, which 'brings every conceivable claim against every conceivable defendant.'") (citation omitted); *Hesed-El v. Aldridgem Pite, LLP*, CV 119-162, 2020 WL 3163645, *10 (S.D. Augusta, Georgia June 12, 2020) (slip op) ("Plaintiff waited until after Defendants expended resources fully briefing their motions to dismiss Plaintiff's shotgun pleading before moving to amend. Plaintiff continues to advance frivolous theories in the proposed third amended complaint, and therefore, the Court finds Plaintiff's attempt to amend again is in bad faith."); *Gurman v. Metro Housing and Redevelopment Authority,* 884 F.Supp.2d 895, 899 (D. Minn. 2012) ("Rather than litigating this handful of viable claims, however, plaintiffs[ ] … brought not one, not two, but three kitchen-sink complaints, in which it asserted literally *hundreds* of claims against defendants, almost all of which were frivolous.").

exhibits, pertaining to events beginning in 2016.[7] Ms. Mulligan seeks "$200,000,000.00 million dollars in financial restitution from the Defendant(s)," for alleged "injuries she … sustained from the premeditated hate crime that occurred in April of 2017," in which she claims that her "upper body's left side [was] permanently damaged."[8]

## Allegations and History

The Court takes judicial notice[9] that Ms. Mulligan has filed several cases in this Court which involve most of the same facts she asserts against the officers in the current case.[10] And both state and federal cases filed in 2019 and 2020 involve factual assertions against Dr. Kohl,[11] who is discussed in the current Complaint:

> Dr. Kohl abused and had illegally invoked Alaska Statute Title 47 knowing that a preauthorization from [Ms. Mulligan's] cancelled health

---

[7] Docket 1; Dockets 1-1 – 1-23.

[8] Docket 1 at 9; *but see* Docket 1-9 at 16 (4/17/17 hospital report, finding "[m]ild tenderness to anterior shoulder … Full ROM at shoulder, elbow, wrist …").

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . .." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[10] *See, e.g., Mulligan v. Municipality of Anchorage, APD,* 3:19-cv-00119-RRB; *Mulligan v. Regional Hospital,* 3:19-cv-00118-RRB; *Mulligan v. APD, Municipality of Anchorage,* 3:19-cv-112-RRB; *Mulligan v. APD, Municipality of Anchorage,* 3:19-cv-111-RRB; *Mulligan v. Nelson,* 3:19-cv-00109-RRB.

[11] *Mulligan v. Kohl*, 3:20-00070-JMK; *Mulligan v. HMS Host Corporation/International, et al.*, 3:20-cv-00027-JMK; *see also Anne P. Mulligan v. Dr. Johnna Kohl*, Alaska Superior Court Case No. 3AN-19-07537CI.

insurance carrier … was not required for a 24-hour psychiatric observation at Providence Psychiatric Ward…. The erratic behavior of … Dr. Kohl and APD's female officer enabled … Dr. Kohl to extend [her] visit on 11/23/2016 in which Dr. Kohl illegally billed [her] cancelled health insurance carrier … On December 15, 2016, Dr. Kohl illegally received a check from Blue Cross Blue Shield in the amount of $603.52."[12]

Ms. Mulligan's state case against Dr. Kohl is now on appeal to the Alaska Supreme Court, where it is ripe for decision.[13] And although Ms. Mulligan asserts facts against Dr. Kohl in the current case, she is not a Defendant in this case.

Ms. Mulligan asserts that she was the victim of a premeditated hate crime by APD officers in April of 2017.[14] She previously made similar claims in this Court,[15] as well as in the state court, where she currently has appeals pending in

---

[12] Docket 1 at 3-4.

[13] *Anne P. Mulligan v. Dr. Johnna Kohl*, 3AN-19-07537CI (Order Granting Dismissal with Prejudice, 9/3/20); https://appellate-records.courts.alaska.gov/CMSPublic/Search, Alaska Supreme Court Case No. S-17901 (appeal filed 10/2/20, ripe for decision) https://records.courts.alaska.gov/eaccess/searchresults (last visited August 13, 2021).

[14] Docket 1; *see also* Docket 1-1 (Nov. 2020 emails between Ms. Mulligan and the Anchorage Mayor's Office); Docket 1-7 (Officer Roberts's narrative of 4/16/17 incident); Docket 1-8 (Police Report & Officer Fletcher's narrative of 4/16/17 incident); Docket 1-9 (Alaska Regional Hospital's ER record for Anne Mulligan, 4/17/17, including note stating: "Legal intervention involving manhandling, law enforcement official injured, initial encounter." *Id*. at 12); Docket 1-10 (4/17/17 Incident Report filed by Anne Mulligan with Anchorage Community Police Relations Task Force); Docket 1-11 (4/19/17 Alaska Regional Hospital, complaint of shoulder pain stemming from 4/17 arrest; RN note: "Patient upon discharge reported that she was being sexually assault[ed] at work and with apd. Patient request an apd investigator." *Id*. at 9); Docket 1-12 (4/20/17 Providence Alaska Medical Center provider notes re ER visit for "left sided breast bruising and pain. She is somewhat rambling in speech and is focused on APD's rough treatment, lack of [M]iranda rights, and being persecuted." *Id*. at 2);

[15] *See, e.g., Anne P. Mulligan v. APD, et al.*, 3:19-cv-00119-RRB, Docket 8 at 1-2 (Screening Order, explaining that Ms. Mulligan brought a claim for relief against a

3:21-cv-00154-TMB, *Mulligan v. MOA, et al.*
Order of Dismissal
Page 4 of 13
Case 3:21-cv-00154-TMB   Document 9   Filed 08/13/21   Page 4 of 13

the Supreme Court for the State of Alaska against the MOA and APD.[16] Although she describes additional incidences of alleged wrongdoing by APD from April 2017 through July 2018, Ms. Mulligan requests relief for the "injuries that she … sustained from the premeditated hate crime that occurred in April of 2017."[17]

In 2020, Ms. Mulligan contacted the Mayor's Office regarding APD's behavior in April 2017, requesting that the officers involved be arrested, and was disappointed with the response she received.[18] Ms. Mulligan asserts that she "feels that [she] is being discriminated against [by] Mayor Austin Quinn Davidson and Sharon lane [because she] is a straight white female," and that "her constitutional rights as a straight white female were violated.[19] In her motion to add Anchorage Mayor Bronson as a defendant, she asserts that the current

---

"white male APD officer" for cruel and unusual punishment, repeating claims she made in *Mulligan v. Regional Hospital*, 3:19-cv-00118-RRB, which had already been addressed by the Court); *Mulligan v. APD, Municipality of Anchorage,* 3:19-cv-112-RRB; *Mulligan v. APD, Municipality of Anchorage,* 3:19-cv-111-RRB; *Mulligan v. Nelson,* 3:19-cv-00109-RRB.

[16] *Anne P. Mulligan v. Municipality of Anchorage*, S-17665 ("Draft Circulating") (Superior Court Case No. 3AN-19-05296CI); *Anne P. Mulligan v. Municipality of Anchorage/APD*, S-17635 ("Draft Circulating") (Superior Court Case No. 3AN-19-08157CI).

[17] Docket 1 at 4-8.

[18] Docket 1-1.

[19] Docket 1 at 10.

[straight white] mayor failed to respond to her email regarding the 2017 incident at all.[20]

## Screening Requirements

Federal law requires a court to conduct an initial screening of a civil complaint filed by a plaintiff who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action--

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[21]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[22] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[23] Before a court may dismiss any portion

---

[20] Docket 6.

[21] 28 U.S.C. § 1915(e)(2)(B).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[23] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend, unless amendment would be futile.[24]

## Discussion

Ms. Mulligan continues to bring claims and make assertions about incidences that occurred over four years ago, which she has already had opportunities to litigate. Her one new claim in this case involves the response of the Mayor's Office to her emails requesting that the officers involved in the 2017 event be arrested. However, courts have already reviewed her claims involving those officers. Thus, this case must be dismissed.

### I. Res Judicata

Because this Court is not a court of appeals for state court decisions, the Court may not decide a formerly litigated state case.[25] The proper court to obtain

---

[24] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[25] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review … of those judgments"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

3:21-cv-00154-TMB, *Mulligan v. MOA, et al.*
Order of Dismissal
Page 7 of 13
Case 3:21-cv-00154-TMB   Document 9   Filed 08/13/21   Page 7 of 13

review of a final decision of a state's highest court is the United States Supreme Court.[26]

Further, a litigant "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action[s] or by pleading a new legal theory."[27] Thus, permitting Ms. Mulligan to file an amended pleading would be futile. As explained by the Supreme Court, res judicata "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."[28]

Ms. Mulligan previously brought claims involving the April 17, 2017 incident against APD officers in *Mulligan v. APD*, 3:19-cv-00111-RRB and in Mulligan v. APD, 3:19-cv-00112-RRB, which were dismissed without prejudice to continuing to litigate the claims in *Mulligan v. Nelson*, 3:19-cv-00109-RRB, also asserting claims against APD officers involved in the April 17, 2017 incident.[29] As in the

---

[26] 28 U.S.C. § 1257; *see also Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir. 2003) ("[A] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal.").

[27] *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

[28] *Arizona v. California,* 530 U.S. 392, 412 (2000) (citation omitted).

[29] *Mulligan v. APD,* 3:19-cv-00112-RRB, Docket 8 (6/12/19 Order of Dismissal); *Mulligan v. APD,* 3:19-cv-00111-RRB, Docket 9 (6/12/19 Order of Dismissal).

3:21-cv-00154-TMB, *Mulligan v. MOA, et al.*
Order of Dismissal
Page 8 of 13
Case 3:21-cv-00154-TMB   Document 9   Filed 08/13/21   Page 8 of 13

current case, she previously alleged that the officers handcuffed her and injured her left shoulder and upper body.[30]

Ms. Mulligan followed up with yet another case against APD and one of its officers in 2019, in which the Court required her to explain "whether any of the state court cases she has filed involve any of the facts alleged or defendants listed in this current federal case. She must include copies of the complaints she filed in Alaska Superior Court cases 3AN-19-05296CI and 3AN-19-05297CI, and any other cases involving similar defendants and/or the incidents alleged in this federal case."[31] When Ms. Mulligan failed to respond, the Court dismissed the case.[32]

## II. Frivolous Claims - Warning

Frivolousness may include not only allegations that "lack an arguable basis in either law or in fact," but allegations that are clearly "fanciful," "baseless," "fantastic," or "delusional."[33] In addition, the Ninth Circuit has held that a complaint

---

[30] *Mulligan v. Nelson,* 3:19-cv-00109-RRB, Docket 1 at 4, 5 (Claims 2 and 3); *see also* Docket 9 (7/25/19 Order of Dismissal).

[31] *Mulligan v. APD,* 3:19-cv-00119-RRB, Docket 8 at 10 (Screening Order).

[32] *Id.,* Dockets 9, 10 (7/25/19 Order of Dismissal and Judgment).

[33] *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)); *see also Taylor v. State*, 215 F.3d 1337 (Table), 2000 WL 675984, at *1 (10th Cir. 2000) (unpublished) ("On appeal, Taylor asks '[w]hether the Constitutions of the United States of America, State of Wyoming and Laws have been suspended,' and if they have not been suspended, whether we are 'under MARTIAL LAW.' … Our independent review of Taylor's complaint readily confirms that it fails to state a claim and is patently frivolous.").

may be dismissed when it "merely repeats pending or previously litigated claims."[34] Ms. Mulligan has already had an opportunity to litigate these claims. This case is, therefore, frivolous.

Ms. Mulligan was previously warned that if she continues to file frivolous lawsuits on the same issues, "she risks being deemed a vexatious litigant, thereby requiring judicial review of all future filings with the Court," and the "Clerk of Court [was] directed to docket the vexatious litigant warning in [the] case and enter a Judgment accordingly."[35]

The Court now warns Ms. Mulligan that if she files any further frivolous lawsuits involving APD officers' behavior in April of 2017, she risks being deemed a vexatious litigant, thereby requiring judicial review of all future filings with the Court.

III. Statute of Limitations

"State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling."[36] In Alaska, the statute of limitations is two

---

[34] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former § 1915(d)) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988), and citing *Denton v. Hernandez*, 504 U.S. at 30 (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted)).

[35] *Mulligan v. Kohl,* 3:20-cv-00070-JMK, Docket 7 at 13, 14 (5/20/20 Order of Dismissal).

[36] *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) ("Section 1983 … looks to the law of the State

years.[37] "Although state law determines the statute of limitations for § 1983 claims, federal law governs when a claim accrues… Accrual is the date on which the statute of limitations begins to run… A claim accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'… [U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[38] The statute of limitations for filing a civil rights case in Alaska is two years.

Tolling means that the statute of limitations stops running for a time.[39] In the event that there is a basis for tolling the statute of limitations,[40] Alaska law provides as follows:

> The doctrine of equitable tolling "relieve[s] a plaintiff from the bar of the statute of limitations when he has more than one legal remedy available to him" so that after the plaintiff "adopts a single course of action which is dismissed or otherwise fails, courts generally allow the plaintiff to pursue a second remedy based on the same right or claim."

---

in which the cause of action arose … for the length of the statute of limitations: It is that which the State provides for personal-injury torts.") (citations omitted).

[37] Alaska Statutes 09.10.070.

[38] *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir.) *cert denied*, 139 S.Ct. 480 (2018) (quoting, *e.g.*, *Wallace*, 549 U.S. at 388) (further citations and internal quotation marks omitted); *see also Gregg v. Hawaii, Department of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("A plaintiff must be diligent in discovering the critical facts… A cause of action accrues even if the full extent of the injury is not then known.") (citations and internal quotation marks omitted).

[39] *Black's Law Dictionary* (11th ed. 2019).

[40] *Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 177 (Alaska 2010) ("Drawing factual inferences in the Krauses' favor, the doctrine of equitable tolling may apply to their claims.").

3:21-cv-00154-TMB, *Mulligan v. MOA, et al.*
Order of Dismissal
Page 11 of 13
Case 3:21-cv-00154-TMB   Document 9   Filed 08/13/21   Page 11 of 13

The statute of limitations is thus tolled during the pendency of the initial defective action, giving the plaintiff the full statutory period to file once tolling ceases. In such circumstances, the statute is equitably tolled if "(1) pursuit of the initial remedy gives defendant notice of plaintiff's claim, (2) defendant's ability to gather evidence is not prejudiced by the delay, and (3) plaintiff acted reasonably and in good faith."[41]

The defense of the limitations period is an affirmative one.[42] Thus, if there is a legitimate question, the issue is litigated between the parties. After a plaintiff has been given an opportunity to respond,[43] however, claims that are clearly untimely are dismissed for failure to state a claim.

Ms. Mulligan's claims of events that occurred over two years ago are likely to be barred by that limitations period.

**IT IS THEREFORE ORDERED**:

1. This case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) without prejudice to continuing the litigation of the issues in the state courts and, if she wishes to challenge the decision of the Supreme Court of the State of

---

[41] *Fred Meyer of Alaska, Inc. v. Bailey,* 100 P.3d 881, 886 (Alaska 2004) (citations omitted).

[42] *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed.R.Civ.P. 8(c).").

[43] *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (dismissal on statute of limitations grounds disfavored where equitable tolling may apply).

3:21-cv-00154-TMB, *Mulligan v. MOA, et al.*
Order of Dismissal
Page 12 of 13
Case 3:21-cv-00154-TMB   Document 9   Filed 08/13/21   Page 12 of 13

Alaska, through a petition for writ of certiorari to the United States Supreme Court.

2. All outstanding motions are DENIED as moot.

3. The Clerk of Court shall enter judgment accordingly.

DATED at Anchorage, Alaska, this 13th day of August, 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

3:21-cv-00154-TMB, *Mulligan v. MOA, et al.*
Order of Dismissal
Page 13 of 13
Case 3:21-cv-00154-TMB   Document 9   Filed 08/13/21   Page 13 of 13